UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERNEST-SPENCER CUSTOM COATINGS,
INC.,

      Plaintiff,

      v.

ROOF CHECK CONTRACTING, LLC,

      Defendant.

Case No. 24-4072-KHV-ADM

**MEMORANDUM AND ORDER**

      This matter comes before the court on defendant Roof Check Contracting, LLC's ("Roof Check") Motion for Modification of Pretrial Order Regarding Expert Designations. (ECF 52.) The motion seeks to extend the May 12 deadline for Roof Check's designation of experts because plaintiff Ernest-Spencer Custom Coatings, Inc. ("Ernest-Spencer") belatedly asserted additional damages claims requiring Roof Check to retain another expert (an appraiser) who needs time to finalize his report due to a family vacation. (*Id.* at 2-3.) Ernest-Spencer opposes the motion on the grounds that the requested extension will prejudice Ernest-Spencer and "disrupt the orderly and efficient Trial of the case as the Defendants may be allowed to identify expert witnesses that were not designated within the discovery time in which the Plaintiff will be unable to depose." (ECF 57, at 2.) As explained below, the court finds good cause to grant Roof Check's motion because its failure to designate experts was the result of excusable neglect. Thus, the court grants Roof Check's motion and modifies the pretrial order to allow Roof Check to designate its expert(s) no later than June 13, 2025.

**I.     Background**

This case revolves around a contract between the parties for roofing work, but the parties disagree about what was required under the contract. Roof Check argues the contract required Roof Check "to enter [the] property, estimate the extent of damage, furnish materials, supply all equipment and perform all labor necessary to preserve and protect [the] property from further damage" and, in exchange, Ernest-Spencer would pay Roof Check $970,007.88. (ECF 48, at 7.) Ernest-Spencer, on the other hand, contends that Roof Check agreed to the scope of the work with its insurance carrier to remove and replace the entire roof for $980,007.88, and agreed that Ernest-Spencer would then pay Roof Check the insurance proceeds of $970,007.88 (the insurance proceeds minus Ernest-Spencer's $10,000 deductible). (ECF 48, at 5-6.)

The scheduling order required Ernest-Spencer to disclose its experts by January 15; Roof Check to disclose its experts by February 28; rebuttal experts to be disclosed by March 10; discovery to be completed by March 31; and dispositive motions and expert motions to be filed by April 30. (ECF 14, at 2.) At the end of February, Ernest-Spencer moved to extend these scheduling-order deadlines (ECF 34), which the court denied because Ernest-Spencer had not shown "that the parties could not have met existing deadlines had they been diligent throughout the discovery period" and because it appeared to the court "that the parties waited until after mediation was unsuccessful to begin planning in earnest to complete discovery." (ECF 35, at 2.) The court pointed out, however, that the parties were "free to stipulate to certain extensions under Fed. R. Civ. P. 29, including limited expert discovery occurring outside of the discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations." (*Id*. at 3.) After this order—and as reflected in the pretrial order—the parties stipulated to at least the following

additional discovery taking place after the discovery deadline: (a) Ernest-Spencer serving supplemental discovery responses on April 18; (b) Roof Check serving expert disclosures by May 12; and (c) Ernest-Spencer's depositions of Roof Check's expert(s) by May 27.  (ECF 48, at 16.)  The pretrial order also specifically noted that "[t]he parties do not currently believe that expert discovery taken after the discovery deadline will interfere with the dispositive-motion deadline or the expert-motion deadline [which the court reset from April 30 to May 9].  However, should Ernest-Spencer decide it wants to move to exclude any testimony of Roof Check's experts, Ernest-Spencer will [need to] file a motion for leave to file belated Daubert motions to exclude those experts' testimony."  (ECF 48, at 16 n.5.)

Roof Check timely filed its *Daubert* motion on April 30 and its summary judgment motion on May 8.  (ECF 46, 49.)  On May 9, Roof Check filed the current motion seeking to modify the pretrial order to allow Roof Check to serve its expert disclosures with respect to Ernest-Spencer's diminution-in-value claim by June 6 and to serve its roofing and insurance expert disclosures by May 19 because Ernest-Spencer would not agree to these requested extensions.  On May 14, Roof Check filed a Notice of Service stating that, on May 12, Roof Check served its "Preliminary Expert Disclosures" pursuant to Fed. R. Civ. P. 26(a)(2) "subject to" the current motion.  (ECF 56.)  Although the filing contains no explanation, the court assumes that this means Roof Check served some form of expert disclosures on May 12 but expects to supplement the disclosures if the court grants the current motion.

**II.     Analysis**

Roof Check moves the court to modify the pretrial order to extend the May 12 deadline for its designation of experts.  (ECF 52.)  To be clear, this May 12 deadline was not a court-ordered deadline; rather, this was a deadline the parties stipulated to taking place long after the March 31

3

discovery deadline. (ECF 48, at 16.) Roof Check asserts that there is good cause for the extension because a number of events beyond its control prevented Roof Check from timely designating its experts.

Federal Rule of Civil Procedure 6(b)(1)(B) governs motions for extensions of time made after a deadline expires. It provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Excusable neglect is an "elastic concept" and is not limited to circumstances beyond the movant's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).[1] At base, the excusable-neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was under the control of the movant; and (4) whether the movant acted in good faith. *Id.* The Tenth Circuit has held that the third factor—the fault in the delay—is "perhaps the most important single factor" in determining whether neglect is excusable. *Torres*, 372 F.3d at 1163.

In analyzing whether Roof Check's late expert disclosure is due to excusable neglect, the court begins by considering the "most important" factor—the reasons for the delay. Roof Check explains that Ernest-Spencer asserted new damages claims on April 4 and provided supplemental discovery as late as April 18, which required Roof Check to retain another expert to counter Ernest-

---

[1] Although *Pioneer* examined the "excusable neglect" standard in the context of bankruptcy, the Tenth Circuit has recognized that the Supreme Court's discussion applies beyond that context. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

Spencer's new diminution-in-value claim and provide an expert report. In addition, Roof Check seeks extra time for its roofing and insurance expert to provide a report because the expert was on a family vacation and was not able to finalize his report. (ECF 52, at 2-3.) In short, it was Ernest-Spencer's untimely assertion of a new damage claim (long after the scheduling order deadlines had expired) that precipitated Roof Check's belated expert disclosure. So the court finds that this factor weighs in Roof Check's favor. Relatedly, there is no suggestion that Roof Check acted in anything other than good faith, so that factor weighs in its favor.

The last two factors are intertwined insofar as the one-month delay in serving expert disclosures may impact the proceedings in a way that prejudices Ernest-Spencer. But any prejudice resulting from late designations of expert witnesses is the fault of both parties. Under the scheduling order, Ernest-Spencer's expert disclosures were due on January 15, but it did not serve them until April 4 (by stipulation). (ECF 41.) Roof Check says Ernest-Spencer also supplemented its Rule 26 disclosures to add the new damage claim on April 4, but the scheduling order required Ernest-Spencer to have supplemented its Rule 26 disclosures weeks before this— by February 19 (40 days before discovery closed on March 31). (ECF 14, at 2.) And Ernest-Spencer was still supplementing its discovery as late as April 18. (ECF 44.) Likewise, under the scheduling order, Roof Check's expert disclosures were due on February 28, but Roof Check served its "Preliminary Expert Disclosures" on May 12 (again, by stipulation of the parties). (ECF 56.) So this is not a situation where only one party sat on its hands and belatedly disclosed experts.

Ernest-Spencer also argues the late disclosure date places it at a disadvantage because it makes it less likely that the court would consider any motion to strike Roof Check's expert filed closer to trial. But this assumes that the presiding district judge would consider *any* such motion filed beyond the April 30 scheduling-order deadline for filing motions challenging the

admissibility of expert testimony.  When the court denied the parties' motion to amend the scheduling order in late February, it told them they were free to stipulate to discovery occurring beyond the March 31 discovery deadline but specifically cautioned them that was only "so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations."  (ECF 35, at 3.)  So when the parties stipulated to Roof Check serving expert disclosures on May 12, Ernest-Spencer knew that would be after the April 30 deadline for any motions challenging the admissibility of expert testimony.  That is why the court explained in the pretrial order that, "should Ernest-Spencer decide it wants to move to exclude any testimony of Roof Check's experts, Ernest-Spencer will [need to] file a motion for leave to file belated *Daubert* motions to exclude those experts' testimony."  (ECF 48, at 16 n.5.)  So, again, any delay in motion practice (which is purely hypothetical at this point regardless) is attributable to both parties' delays.  From the court's perspective, it appears that Roof Check is doing little more than trying to ameliorate the prejudice caused by Ernest-Spencer's late disclosures.

Lastly, as to Ernest-Spencer's argument that it would be prejudiced if it is unable to depose Roof Check's expert, the pretrial order contemplated that Ernest-Spencer may need to conduct depositions of Roof Check's experts following Roof Check's service of expert disclosures.  (ECF 48, at 16.)  Although the May 27 expert-deposition deadline in the pretrial order has passed, the court will allow Ernest-Spencer to take the depositions of Roof Check's experts within **two weeks** after Roof Check makes its expert disclosures.

Keeping in mind the Supreme Court's admonition that the determination of excusable neglect is an equitable one, and weighing all of the factors and circumstances in this case as a whole, the court finds that Roof Check has shown excusable neglect for its belated expert

6

7

disclosures. The court grants Roof Check's motion for extension of the expert designation deadline and orders the expert designation(s) to be served by no later than **June 13, 2025**.

**IT IS THEREFORE ORDERED** that Roof Check's Motion for Modification of Pretrial Order Regarding Expert Designations (ECF 52) is granted.

**IT IS FURTHER ORDERED** that Roof Check must serve its expert disclosures by **June 13, 2025**.

**IT IS FURTHER ORDERED** that Ernest-Spencer, at its option, may take the depositions of Roof Check's experts, but such depositions must be conducted within **two weeks** after Roof Check serves its expert disclosures.

**IT IS SO ORDERED.**

Dated June 6, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge